KAEMPFER CROWELL
Ryan M. Lower, NV Bar No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
Tel: 702-792-7000
Fax: 702-796-7181
rlower@kcnvlaw.com

MCDERMOTT WILL & EMERY LLP
Michael P. Chu (*pro hac vice forthcoming*)
Brian A. Jones (*pro hac vice forthcoming*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Tel: 312-372-2000
Fax: 312-984-7700
mchu@mwe.com
bajones@mwe.com

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **TRAEGER PELLET GRILLS LLC,** | Case No. 2:20-cv-2161 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **GMG PRODUCTS LLC,** | |
| Defendant. | |

Plaintiff Traeger Pellet Grills LLC ("Traeger") demands a jury trial and alleges the following as its Complaint against Defendant GMG Products LLC ("GMG"):

## NATURE OF THE ACTION

1. This is a civil action for willful patent infringement of United States Patent No. 10,158,720 (the "'720 Patent") and United States Patent No. 10,218,833 (the "'833 Patent") (collectively, the "Asserted Patents" and the "Asserted Claims") pursuant to 35 U.S.C. § 1, *et seq.*, and for such other relief as the Court deems just and proper.

2. Traeger is an innovative grill manufacturing company. It is the leading seller of wood-pellet grills and second-leading seller of overall grills sold in the United States. Traeger invented the original wood-fired grill in Mt. Angel, Oregon, over 30 years ago and has refined its products through decades of mastering the craft of wood-fired cooking and by developing innovative technologies for its grills, including its cloud-connected technology called WiFIRE®. Traeger is headquartered in Salt Lake City, Utah, where it has hundreds of employees. Traeger invests millions of dollars annually to continue to develop its wood-pellet grills and sell such grills throughout the United States. These investments have allowed Traeger to successfully sell its grills throughout the United States through its network of local Traeger dealers, positively impacting hundreds of small businesses that successfully sell Traeger wood-pellet grills.

3. Defendant GMG Products LLC ("Defendant GMG," "Defendant" or "GMG") imports into, sells in, uses in, and/or offers to sell in the United States cloud-connected wood-pellet grills (collectively, the "Accused Products").

4. Defendant GMG directly (literally and/or under the doctrine of equivalents) and indirectly infringes at least one claim of each of the Asserted Patents as explained in detail in the Counts below. The Asserted Claims of the Asserted Patents include at least claims 1, 2, 12, 16, and 21–22 of the '720 Patent and 1, 2, 3, 6–9, 11–14, 18 and 22–24 of the '833 Patent.

5. The Asserted Patents relate generally to remotely monitoring and controlling an electronically-controlled outdoor grill/smoker through a cloud computing platform. The '720 Patent and the '833 Patent are attached to this Complaint as Exhibits 1–2, respectively.

6. Traeger owns all rights, title, and interest in each of the Asserted Patents. Certified copies of the recorded assignments of the Asserted Patents are attached as Exhibits 3–4.

## THE PARTIES

7. Plaintiff Traeger Pellet Grills LLC is a Delaware corporation having its principal place of business at 1215 East Wilmington Ave, Suite 200, Salt Lake City, Utah 84106.

8. Traeger is an innovative grill manufacturing company. Traeger invented the original wood-pellet grill in Mt. Angel, Oregon, over 30 years ago and has refined its products through decades of mastering the craft of wood-fired cooking and by developing innovative technologies for its grills, including its cloud-connected technology called WiFIRE®. Founded in the mid-1980s by Joe Traeger, Traeger has become the leading seller of wood-pellet grills in the United States and second leading seller of overall grills in the United States. Traeger Grills' products are sold nationwide at large chain stores such as Home Depot, Ace Hardware, Costco, Dick's Sporting Goods, Academy Sports, Orchard Supply and others, as well as specialty barbecue stores and online at Amazon.com, Walmart.com, through the Traeger Grills' website, and through the websites of various Traeger Grills resellers.

9. Since 2009 across the United States Traeger Grills has sold more than 2.2 million grills, more than 15.5 million accessories, and more than 30 million bags of wood pellets, the wood fuel that powers Traeger's grills. In 2019 alone, Traeger Grills sold over $400 million of grills and accessories in the United States.

10. On information and belief, Defendant GMG Products LLC is a corporation organized under the laws of Nevada with its registered agent in Nevada located at 3064 Silver Sage Drive, Suite 150, Carson City, Nevada, 89701, USA and its manager located at 316 California Ave. Suite 1065, Reno, Nevada 89509.

1  11. Defendant GMG Products LLC has its principal place of business at 72315 US HWY 101, Lakeside, Oregon, 97449, USA, with its registered agent in Oregon located at GKL Registered Agents of NV, Inc. 3064 Silver Sage Drive, Suite 150, Carson City, NV, 89701, USA.

12. On information and belief, Defendant GMG imports into, sells in, uses in, and/or offers to sell in the United States the Accused Products.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims alleged herein arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

14. This Court has personal jurisdiction over Defendant GMG because Defendant GMG is incorporated in the state of Nevada and because Defendant GMG has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, and regularly avails itself of the benefits of this judicial district.

15. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). In particular, venue is proper in this district because Defendant GMG Products LLC is a corporation organized under the laws of Nevada with its registered agent in Nevada located at 3064 Silver Sage Drive, Suite 150, Carson City, Nevada, 89701, USA and its manager located at 316 California Ave. Suite 1065, Reno, Nevada 89509.

## ASSERTED PATENTS

### The '720 Patent (U.S. Patent No. 10,158,720)

16. Traeger owns by valid assignment the right, title, and interest in the '720 Patent entitled, "Cloud System for Controlling Outdoor Grill with Mobile Application," which issued

on December 18, 2018 and named Michael Colston as the inventor. The '720 Patent issued from U.S. Patent Application Serial No. 15/954,199.

17. The '720 Patent generally relates to remotely controlling a cloud-connected outdoor appliance, such as a grill or smoker, via a cloud-computing system for use in remote cooking. In particular, the claims of the '720 Patent are directed to methods of using a cloud-based system for communicating with the cloud-connected grill. The grill is connected to a cloud-computing platform. Also connected to the cloud-computing platform, by way of a Wi-Fi or radio network, is a user's mobile device operating a software application. The user communicates with the grill via the application on the mobile device, which sends instructions to the cloud-computing platform, which in turn, provides those instructions to the grill. The cloud-connected grill communicates with the mobile device by sending connectivity and other operational information to the cloud-computing platform, which in turn, provides the information to the application on the user's mobile device.

18. The solution in the '720 Patent overcomes the problem of connecting to a grill only through nearfield connection methods such as Bluetooth that "necessitate that the user of the appliance still be within a certain proximity of the appliance" to monitor and control the operation of the grill.

**The '833 Patent (U.S. Patent No. 10,218,833)**

19. Traeger owns by valid assignment the right, title, and interest in the '833 Patent entitled, "Mobile Application for Controlling Outdoor Grill," which issued on February 26, 2019 and named Michael Colston as the inventor. The '833 Patent issued from U.S. Patent Application Serial No. 15/510,996.

20. The '833 Patent generally relates to a mobile application for remotely controlling a cloud-connected outdoor appliance, such as a grill or smoker, via a cloud-computing system for use in remote cooking. In particular, the claims of the '833 Patent are directed to methods of using the mobile application that communicates with and controls operation of the cloud-

connected grill. The grill is connected to a cloud-computing platform. Also connected to the cloud-computing platform, by way of a Wi-Fi or radio network, is a user's mobile device operating a software application. The user communicates with the grill via the mobile application on the mobile device, which sends instructions to the cloud-computing platform, which in turn, provides those instructions to the grill. The cloud-connected grill communicates with the mobile device by sending connectivity and other operational information to the cloud-computing platform, which in turn, provides the information to the mobile application on the user's mobile device.

21. The solution in the '833 Patent overcomes the problem of connecting to the grill only through nearfield connection methods that "necessitate that the user of the appliance still be within a certain proximity of the appliance" to monitor and control the operation of the grill.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 10,158,720**

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21, as if fully set forth herein.

23. On information and belief, Defendant GMG imports into, sells in, uses in, and/or offers to sell in the United States the Accused Products. Defendant GMG's acts in the United States infringe, both directly and indirectly, the '720 Patent.

24. Examples of the products that infringe the '720 Patent include Defendant GMG's products with "WiFi Smart Control," which includes all of Defendant GMG's "Prime Grills" and certain of Defendant GMG 's "Choice" grills:  "Jim Bowie Prime," "Daniel Boone Prime," "Davy Crockett Prime," Big Pig Trailer Prime," "Jim Bowie Choice," and "Daniel Boone Choice." *See, e.g.,* Grill Model Comparison Chart, *available at* https://greenmountaingrills.com/prime-grill-comparison/. These products infringe the '720 Patent when operated in the United States in the manner for which they are designed. Traeger has not yet had the benefit of discovery, and thus this identification of specific models or types of

products is not intended to limit the scope of the Accused Products. Any remedy should extend to all of Defendant GMG's infringing products.

25. On information and belief, use of the Accused Products directly infringes at least independent claims 1, 12, and 16 and dependent claims 2, 21, and 22 of the '720 Patent.

26. Defendant GMG has violated 35 U.S.C. § 271(a), (b), and (c) by infringing the Asserted Patents directly, either literally or under the doctrine of equivalents, and indirectly. Defendant GMG directly infringes by using in the United States the systems and methods of the Asserted Claims of the '720 Patent through Defendant GMG's operation, demonstration, and/or testing of Defendant GMG's cloud-connected grills with "WiFi Smart Control" in conjunction with Defendant GMG's cloud-based server and mobile application. In addition, Defendant GMG's retailers and customers directly infringe by using the systems and methods of the Asserted Claims of the '720 Patent when operating Defendant GMG's cloud-connected grills with "Wifi Smart Control" in conjunction with Defendant GMG's cloud-based server and mobile application.

27. Additionally, Defendant GMG indirectly infringes because it knowingly and intentionally encourages and/or aids its retailers and customers to practice the systems and methods of the Asserted Claims of the '720 Patent by offering to sell, selling, and importing the Accused Products to its customers in the United States and providing to its retailers and customers instructions for using the Accused Products in conjunction with Defendant GMG's cloud-based server and mobile application in an infringing manner. Defendant GMG provides these instructions at least via its product manuals, its publicly accessible website, its mobile device software application, and its other publicly accessible advertising and documents. Defendant GMG had knowledge of its infringement of '720 Patent at least as early as March 14, 2018 when Traeger sent Defendant GMG a cease-and-desist letter identifying U.S. Patent App. Pub. No. 2017/0289336 (the "'336 Publication") of the application to which the '720 Patent claims priority.

28. Defendant GMG also had knowledge of its infringement of the '720 Patent at least as early as its December 18, 2018 issue date because Defendant GMG filed a petition for post-grant review on the '720 Patent on the very same date. Defendant GMG also has knowledge of its infringement of the '720 Patent from the filing and service of this complaint. Defendant GMG actively promotes the sale, use, and importation of its infringing cloud-connected wood-pellet grills in marketing materials, technical specifications, data sheets, web pages on its website, press releases, and user manuals, as well as at trade shows and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products. By these actions, Defendant GMG has had the specific intent to induce, or was willfully blind to inducing infringement of the '720 patent.

29. On information and belief, Defendant GMG creates, endorses, and/or controls all content posted on its website domain (greenmountaingrills.com) and the "Green Mountain Grills" YouTube channel (www.youtube.com/channel/UCHSo9uoChX7HzISIptiFK3w).

30. On information and belief, Defendant GMG also contributes to infringement of the Asserted Claims of the '720 Patent by others, including retailers and customers who use Defendant GMG 's cloud-connected wood-pellet grills within the United States, by offering to sell, selling, and importing the Accused Products in the United States which are specially made or adapted for use in an infringing manner and are not staple articles of commerce suitable for substantial non-infringing use.

31. A preliminary and exemplary claim chart comparing the Asserted Claims of the '720 Patent to Defendant GMG's Accused Products is attached as Exhibit 5.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,218,833**

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 31, as if fully set forth herein.

33. On information and belief, Defendant GMG imports into, sells in, uses in, and/or offers to sell in the United States the Accused Products. Defendant GMG's acts in the United States infringe, both directly and indirectly, the '833 Patent.

34. Examples of the products that infringe the '833 Patent include Defendant GMG's products with "WiFi Smart Control," which includes all of Defendant GMG's "Prime Grills" and certain of Defendant GMG's "Choice" grills: "Jim Bowie Prime," "Daniel Boone Prime," "Davy Crockett Prime," Big Pig Trailer Prime," "Jim Bowie Choice," and "Daniel Boone Choice." *See, e.g.*, Grill Model Comparison Chart, *available at* https://greenmountaingrills.com/prime-grill-comparison/. These products infringe the Asserted Claims of the '833 Patent when operated in the United States in the manner in which they are designed. Traeger has not yet had the benefit of discovery, and thus this identification of specific models or types of products is not intended to limit the scope of the Accused Products. Any remedy should extend to all of Defendant GMG's infringing products.

35. On information and belief, use of the Accused Products directly infringes independent claims 1, 11, and 18 and dependent claims 2, 3, 6–9, 12–14, and 22–24 of the '833 Patent.

36. Defendant GMG has violated 35 U.S.C. § 271(a), (b), and (c) by infringing the Asserted Patents directly, either literally or under the doctrine of equivalents, and indirectly. Defendant GMG directly infringes by using in the United States the systems and methods of the Asserted Claims of the '833 Patent through Defendant's operation, demonstration, and/or testing of GMG's cloud-connected grills with "WiFi Smart Control" in conjunction with Defendant GMG's cloud-based server and mobile application. In addition, Defendant GMG's retailers and customers directly infringe by using the systems and methods of the Asserted Claims of the '833 Patent when operating Defendant GMG's cloud-connected grills with "Wifi Smart Control" in conjunction with Defendant GMG's cloud-based server and its mobile application.

37. Additionally, Defendant GMG indirectly infringes because it knowingly and intentionally encourages and/or aids its retailers and customers to practice the systems and

methods of the Asserted Claims of the '833 Patent by offering to sell, selling, and importing the Accused Products to its customers in the United States and providing instructions for using the Accused Products in conjunction with Defendant GMG's cloud-based server and mobile application in an infringing manner. Defendant GMG provides these instructions at least via its product manuals, its publicly accessible website, its mobile device software application, and its other publicly accessible advertising and documents.

38. Defendant GMG had knowledge of its infringement of the '833 Patent at least as early as March 14, 2018 when Traeger sent Defendant GMG a cease-and-desist letter identifying the '336 Publication of the application that eventually issued as the '833 Patent.

39. Defendant GMG also had knowledge of its infringement of the '833 Patent at least as early as its February 26, 2019 issue date because Defendant GMG filed a petition for post-grant review on the '833 patent on the very same date. Defendant GMG also has knowledge of its infringement of the '833 Patent from the filing and service of this complaint. Defendant GMG actively promotes the sale, use, and importation of its infringing cloud-connected wood-pellet grills in marketing materials, technical specifications, data sheets, web pages on its website, press releases, and user manuals, as well as at trade shows and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products. By these actions, Defendant GMG has had the specific intent to induce, or was willfully blind to inducing infringement of the '833 Patent.

40. On information and belief, Defendant GMG creates, endorses, and/or controls all content posted on its website domain (greenmountaingrills.com) and the "Green Mountain Grills" YouTube channel (www.youtube.com/channel/UCHSo9uoChX7HzISIptiFK3w).

41. On information and belief, Defendant GMG also contributes to infringement of the Asserted Claims of the '833 Patent by others, including retailers and customers who use Defendant GMG's cloud-connected wood-pellet grills within the United States, by offering to sell, selling, and importing the Accused Products in the United States which are specially made

or adapted for use in an infringing manner and are not staple articles of commerce suitable for substantial non-infringing use.

42. As explained above, Defendant GMG had actual knowledge of its infringement of the '833 Patent at least as early as March 14, 2018, when Traeger sent Defendant GMG a cease-and-desist letter identifying the '336 Publication, the application to which eventually issued as the '833 Patent. Defendant GMG also had knowledge of its infringement of the '833 Patent at least as early as its issue date of February 26, 2019 because Defendant GMG filed a petition for post-grant review on the '833 Patent on the very same date.

43. A preliminary and exemplary claim chart comparing the Asserted Claims of the '833 Patent to Defendant GMG's Accused Products is attached as Exhibit 6.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Traeger prays for the following judgement and relief against Defendant GMG:

(a) A judgment that Defendant GMG has infringed and is infringing the '720 Patent and the '883 Patent under at least 35 U.S.C. §§ 271(a), (b), and/or (c);

(b) A judgment that Defendant GMG's infringement of the '720 Patent and the '883 Patent was and is willful;

(c) A permanent injunction against Defendant GMG and its affiliates, subsidiaries, assigns, employees, or agents from directly infringing, inducing, or contributing to the infringement of the '720 Patent and the '883 Patent;

(d) An award of all damages, to be obtained from any and all of Defendant GMG's assets, adequate to compensate Plaintiff Traeger for the infringement committed by Defendant GMG, pursuant to at least 35 U.S.C. § 284;

(e) An award of enhanced damages, to be obtained from any and all of Defendant GMG's assets, or three times the amount found or assessed for GMG's willful

        patent infringement, pursuant to 35 U.S.C. § 284, including prejudgment interest on such damages;

(f)   An order finding this case exceptional and awarding Traeger its attorneys' fees, to be obtained from any and all of Defendant GMG's assets, pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

(g)   An accounting and supplemental damages for all damages occurring after the period for which discovery is taken, and after discovery closes, through the Court's decision regarding the imposition of a permanent injunction;

(h)   An award of Traeger's costs and expenses of this suit as a prevailing party, to be obtained from any and all of Defendant GMG's assets; and

(i)   Such other relief, in law or equity, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Traeger hereby demands a trial by jury on all issues so triable.

Dated: November 24, 2020                    Respectfully submitted,


*/s/ Ryan M. Lower*
Ryan M. Lower, NV Bar No. 9108
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
Tel: 702-792-7000
Fax: 702-796-7181
RLower@kcnvlaw.com

Michael P. Chu
Brian A. Jones
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
mchu@mwe.com
bajones@mwe.com

*Counsel for Plaintiff*
*Traeger Pellet Grills LLC*